UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| WILLIAM DEWEY THURMAN #340443 | CIVIL ACTION NO. 14-140 SECTION P |
| VERSUS | JUDGE MINALDI |
| SCOTT M. PERRILOUX, ET AL | MAGISTRATE JUDGE KAY |

**REPORT AND RECOMMENDATION**

Before the court is a *pro se* civil rights suit (42 U.S.C. § 1983) filed by plaintiff William Dewey Thurman (herein "Thurman"). Thurman is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (herein "LDOC") and is incarcerated at Allen Correctional Center (herein "ACC") in Kinder, Louisiana. As defendants, Thurman names Tangipahoa Parish District Attorney Scott M. Perriloux, ACC Warden Terry Terrell, and numerous unnamed insurance companies.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

**I.
Background**

This matter arises from Thurman's initial sentencing to twelve (12) years at hard labor for simple burglary on November 5, 2003, his subsequent adjudication as a second felony offender. and the 2004 resentencing to twenty-four (24) years of incarceration. Doc. 1, att. 1, p. 3. Thurman claims that he is the victim of malicious prosecution that resulted in his wrongful conviction as a habitual offender (doc, 1, att. 1, p. 1) and that he is being "held illegally by

virtue of a conviction obtained using evidence gained through prosecutorial misconduct." Doc. 1, p. 3. More specifically, he claims that Perriloux, as a matter of official policy and practice, wrongfully applied the Louisiana Habitual Offender Statute (La.R.S. 15:519.1) to his case, constituting malicious prosecution. Doc. 1, att. 1, pp. 1, 2. Further, Thurman claims that Terrell, as the warden of ACC, is responsible for his illegal detention. Doc. 1, att. 1, p. 2.

Thurman claims that he has suffered "mental and psychological distress, as well as serious medical issues as a result of being publicly and falsely prosecuted and imprisoned." Doc. 1, att. 1, p. 7. As relief, he seeks release from prison, as well as compensatory and punitive damages. *Id*.

## II.
## Law and Analysis

### A. Screening

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(I) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998 (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must

accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### B. *Habeas Corpus Related Claims*

Thurman seeks release from confinement, relief usually provided under a writ of *habeas corpus*. The instant civil rights proceeding is not brought pursuant to a *habeas* petition. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Clarke v. Stalder*, 154 F.3d 186, 187 (5th Cir.1998) (*en banc*); *Hernandez v. Spencer*, 780 F.2d 504, 504 (5th Cir. 1986); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). If the remedy is available and Thurman wishes to obtain his release from custody, he should pursue such relief in a properly filed federal *habeas corpus* proceeding.

### C. *42 U.S.C. § 1983*

Thurman was credited with payment of the filing fee at the initiation of this suit and thus is not proceeding *in forma pauperis*. However, because he is a prisoner who has filed an action seeking redress from a governmental entity or officer or employee of a governmental entity, his complaint is still subject to and must be reviewed under the court-screening requirements of the Prison Litigation Reform Act (herein "PLRA") codified at 28 U.S.C. § 1915A(a) and (b).

Section 1983 proscribes conduct by any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether the plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under section 1983. In order to hold the defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was

committed by a person acting under color of state law, that is, that the defendant was a state actor. See *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

### 1. *Improper Defendants*

The court notes that the parties to this action are improper and/or do not have the capacity to be sued. Federal Rule of Civil Procedure 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the named entities have the capacity to be sued in this action. Under Louisiana law, to possess such capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Ann. Art. 24.

#### a. Scott Perriloux

Thurman's claims against District Attorney Scott Perriloux fail because Perriloux enjoys absolute immunity from suit. "Absolute immunity applies to activities, not offices." *Bryan v. City of Madison, Mississippi*, 213 F.3d 267, 271 (5th Cir.2000). Prosecutors have absolute immunity for activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976). The prosecutor is immune from civil suit "in initiating a prosecution and in presenting the State's case." *Id.* "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Kerr v. Lyford*, 171 F.3d 330, 337 (5th Cir.1999) (internal quotation and citation omitted).

Thurman's claims against the District Attorney herein clearly revolve around the prosecution of the claims against him; such conduct is precisely the type of action protected by the absolute immunity afforded prosecutors. See *Imbler*, 424 U.S. at 431.

### b. Warden Terry Terrell

Similarly, Thurman's claims against Warden Terry Terrell likewise fail.

It is clear that Thurman names Terrell in a supervisory capacity and it is well settled that supervisory officials may not be held liable under §1983 under the doctrine of *respondeat superior*. See *Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); *Jennings v. Joshua Independent School District*, 877 F.2d 313 (5th Cir. 1989), *cert. denied*, 496 U.S. 935, 110 S.Ct. 3212, 119 L.Ed.2d 226 (1990). To be liable under section 1983, supervisory officials must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself constitutes a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998).

Here, there is no indication that Terrell was personally involved in any alleged constitutional deprivation or that he implemented any policy which acts as a constitutional deprivation.

### c. Unnamed Insurance Companies

Finally, although the defendants' insurance companies may be obliged to indemnify officials found liable in a suit under § 1983, the insurer is not an appropriate party to a suit thereunder because it is not a state actor, nor have they deprived plaintiff of any constitutional rights while acting under the color of a state statute. See *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Thurman v. Vill. of Homewood*, 446 F.3d 682, 687 (7th Cir.2006). *Wagner v. Washington County*, 493 F.3d 833, 836 (7th Cir.2007); *Brunner v. McKillip*, 488 F.Supp.2d 775, 780 (W.D.Wis.2007).

### 2. *Unlawful Imprisonment and Heck v. Humphrey*

Thurman seeks monetary damages from the defendants in connection with his allegedly unconstitutional state criminal habitual offender conviction and sentence. As such, he claims that his incarceration is unlawful. However, his claims in this regard are subject to dismissal as they are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87,114 S.Ct. 2364,129 L.Ed.2d 383 (1994).

Under *Heck*, a court must dismiss a complaint brought pursuant to 42 U.S.C. § 1983 when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of *habeas corpus* under 28 U.S.C. § 2254. *Id.*, 512 U.S. at 486-87. Thurman cannot meet this requirement.

A judgment in his favor herein would necessarily imply the invalidity of his contested sentence. Therefore, it follows that *Heck* applies herein. Thurman has not suggested that his sentence has already been invalidated, reversed, expunged, set aside by a state court, or called into question by a federal court's issuance of a writ of *habeas corpus*. Thus, his claims are not cognizable under § 1983 at this time. Rather, the claims challenging his sentence are "legally frivolous" within the meaning of § 1915(e)(2) and § 1915A(b). *Hamilton v. Lyons*, 74 F.3d 99, 102-103 (5th Cir.1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question.").

It is therefore recommended that the court dismiss, with prejudice, Thurman's civil rights claims stemming from his sentence, subject to the claims being reasserted when the conditions under *Heck* are met. See *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)(clarifying that

the dismissal of a civil rights claim under the holding of *Heck* should be "with prejudice until the *Heck* conditions are met); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994)(Where a § 1983 plaintiff's claims attack the fact or duration of his confinement and such claims are dismissed under *Heck v. Humphrey*, the dismissal should be "with prejudice.")

### 3. *Malicious Prosecution*

Likewise, Thurman cannot proceed with his claim for malicious prosecution because such claims are not cognizable under the Constitution.

The Fifth Circuit has held that "'malicious prosecution' standing alone is no violation of the United States Constitution" and that no "freestanding constitutional right to be free from malicious prosecution exists." *Castellano v. Fragozo*, 352 F.3d 939, 942, 945 (5th Cir. 2004). As such, Thurman's claims in this regard are not supported by an action under § 1983.

## III.
### *Conclusion*

For the reasons stated,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen**

**(14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 10th day of March, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE